UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK GURLEY,

Plaintiff,

v. Case No. 26-cv-0958-bhl

MILWAUKEE COUNTY COMMUNITY
REINTEGRATION CENTER,

Defendant.

---

## DECISION AND ORDER

---

Plaintiff Derrick Gurley, who was incarcerated at the Milwaukee County Community Reintegration Center when he brough this case, is representing himself. On June 22, 2026, in response to a letter from Gurley, the Court advised Gurley that he must follow his institution's policies to request a copy of his prison trust account statement. About a week later, in compliance with the Court's order, Gurley filed a copy of his statement. The next day, on June 30, 2026, pursuant to 28 U.S.C. §1915(b), the Court ordered Gurley to pay an initial partial filing fee of $32.66 by July 30, 2026. The Court warned Gurley that if he did not pay the initial partial filing fee by the deadline, it would deny his motion to proceed without prepaying the filing fee and would dismiss this case without prejudice based on his failure to pay the filing fee. Dkt. No. 9. On July 15, 2026, the Court's order was returned to it as undeliverable. According to a handwritten note on the envelope, Gurley was released from the Center on July 5, 2026. Despite being instructed to do so, *see* Dkt. No. 3, Gurley did not update the Court with his current contact information after he was released nearly a month ago.

The deadline to pay the initial partial filing fee has passed. Gurley is not relieved of his obligation to monitor the Court's docket and comply with its orders simply because he opted not to update the Court with his current contact information. *See Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020). Accordingly, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this action without prejudice based on his failure to pay

the filing fee. Because the dismissal is without prejudice, Gurley may refile his complaint. If he does so, he is reminded that he must either pay the $405 filing fee or request to proceed without prepaying the filing fee.

**IT IS THEREFORE ORDERED** that Gurley's motions for leave to proceed without prepaying the filing fee (Dkt. Nos. 2, 4) are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** based on Gurley's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Gurley must pay the $350 statutory filing fee as he is able. The payments, which he may mail to the clerk's office at 362 United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, should be clearly identified by the assigned case name and number.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.